MD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jimmy S. Martinez, | No.  CV 13-2254-PHX-DGC (BSB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Joseph M. Arpaio, et al., | |
| Defendants. | |

Plaintiff Jimmy S. Martinez, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.      Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee.  *Id.*  The statutory filing fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . . .

. . . .

JDDL-K

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other

2    facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal

3    of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The

4    Court should not, however, advise the litigant how to cure the defects.  This type of

5    advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v.*

6    *Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13 (declining to

7    decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's

8    Complaint will be dismissed failure to state a claim, but because it may possibly be

9    amended to state a claim, the Court will dismiss it with leave to amend.

10   **III.    Complaint**

11       In his three-count Complaint, Plaintiff sues Maricopa County Sheriff Joseph

12   Arpaio and Captain Harmon at the Fourth Avenue Jail.

13       In Count I, Plaintiff claims that his Fourth Amendment rights have been violated

14   by "illegal strip searching."  In support of this claim, Plaintiff asserts that when inmates

15   are detained and incarcerated at the Fourth Avenue Jail, Defendant Arpaio has instructed

16   Harmon and "facility commanders" to have housing officers "force inmates to be

17   completely stripped of all clothing and searched prior to receiving a new set of facility-

18   issued clothing before being shackled and 'pat-down' searched again before, and upon

19   return from each and every court appearance."  (Doc. 1 at 3.)  According to Plaintiff,

20   Arpaio "has repeatedly violated the 4th Amendment right by illegally strip searching an

21   'un-sentenced' inmate without warrant, necessary safety concern or cause of action."

22   (*Id.*)

23       In Count II, Plaintiff alleges a violation of his Thirteenth Amendment rights.  In

24   support of this claim, Plaintiff alleges that as an un-sentenced inmate he has "not been

25   required to forfeit any rights" and has the "right to be free from any type of harassment,

26   including sexual harassment, cruel and unusual punishment in which we have to

27   completely expose oneself in order to receive clean facility-issue clothing going to and

28   upon returning from any and all court proceedings."  (*Id.* at 4.)  Plaintiff further alleges

that Defendants Arpaio and Harmon have imposed a rule that inmates "be forced to be strip searched, clothed in new set of clothes then 'pat down' searched again upon being shackled in order to be 'cleared' to go to any and all court proceedings which are necessary to attend in order to not bypass or forfeit any rights according to court proceedings or case issues."  (*Id*.)   Plaintiff contends the practice of "illegal strip searching constantly deprives of rights by forcing oneself to be treated as a slave and involuntary actions affect physical, mental and emotional security and well being as well as state of mind." (*Id*.)

Plaintiff designates Count III as a violation of his Fourteenth Amendment rights. He alleges that he has not been found guilty of any crimes, sentenced, or convicted such that he should be deprived of his due process and equal protection rights.  Plaintiff alleges that "every time I go to court I'm made to be strip searched, clothed, shackled and 'pat-down' searched again although I have yet to be found to be guilty of any crime or wrong doing." (*Id*. at 5.)

For relief, Plaintiff appears to seek an order immediately discontinuing the "unlawful and illegal strip searching," Plaintiff's removal from the jail, a restraining order, and compensatory and punitive damages.

**IV.    Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.    Arpaio and Harmon**

While Plaintiff may sue Arpaio and Harmon for violations of constitutional rights for acts taken under color of state law, Plaintiff fails to state a claim against either of

them.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual to be liable in his official capacity, a plaintiff must allege that the official acted as a result of a policy, practice, or custom.  *See Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a defendant's position as the supervisor of someone who allegedly violated a plaintiff's constitutional rights does not make him liable.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his individual capacity "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor*, 880 F.2d at 1045.

In Count I, Plaintiff makes a generalized assertion that Arpaio and Harmon require housing officers to have inmates remove their clothing and be searched when they arrive at the jail and before and after court appearances.  Plaintiff also alleges that Arpaio "has repeatedly violated the 4th Amendment right by illegally strip searching an 'un-sentenced' inmate without warrant, necessary safety concern or cause of action."  In Count II, Plaintiff says these searches are pursuant to a rule imposed by Arpaio and Harmon.

As discussed below, Plaintiff fails to state a claim for a Fourth Amendment violation for illegal search and seizure.  Thus, Plaintiff necessarily fails to state a claim against Arpaio and Harmon for an unconstitutional custom, practice or policy.  Moreover, Plaintiff's allegations fail to specifically describe the allegedly unconstitutional custom, practice or policy or facts to support Arpaio's or Harmon's involvement in promulgating or endorsing such custom, practice, or policy.  As for Plaintiff's claim that Arpaio himself has repeatedly violated the Fourth Amendment by illegally strip searching an un-sentenced inmate, he fails to state when Arpaio conducted this search, where this search occurred, or if Plaintiff was the person Arpaio searched.  Accordingly, Plaintiff fails to state a claim against Arpaio and Harmon and they will be dismissed.

1

**B.     Fourth Amendment**

2      While Plaintiff alleges violations of his rights under the Fourth, Thirteenth and

3 Fourteenth Amendments, all three claims relate to the allegedly unconstitutional practice

4 of strip searching detainees or inmates at the Fourth Avenue Jail.   Such claims are

5 properly analyzed under the Fourth Amendment.   Detainees, like convicted prisoners, do

6 not possess "the full range of freedoms of an unincarcerated individual." *Bell v. Wolfish*,

7 441 U.S. 520, 546 (1979).  "The applicability of the Fourth Amendment turns on whether

8 the person invoking its protection can claim a "justifiable," a "reasonable," or a

9 "legitimate expectation of privacy" that has been "invaded by government action."

10 *Hudson v. Palmer*, 468 U.S. 517, 525 (1984) (quotation omitted); *see also Bell*, 441 U.S.

11 at 557 ("any reasonable expectation of privacy that a detainee retained necessarily would

12 be of a diminished scope").   "A right of privacy in traditional Fourth Amendment terms is

13 fundamentally incompatible with the close and continual surveillance of inmates and

14 their cells required to ensure institutional security and internal order."   *Id.* at 527-28.

15 Furthermore, any restriction on plaintiff's privacy interests is justified to the extent that it

16 is "reasonably related to legitimate penological interests."  *See Turner v. Safley*, 482 U.S.

17 78, 89 (1987).  The investigation and prevention of illegal inmate activity, including the

18 prevention of contraband and circulation of threats, is a legitimate penological objective.

19 *See Thornburgh v. Abbott*, 490 U.S. 401, 411-12 (1989).

20      That being said, the Fourth Amendment guarantees the right of the people to be

21 secure against unreasonable searches, and its protections are not extinguished upon

22 incarceration.  *Michenfelder v. Sumner*, 860 F.2d 328, 322-33 (9th Cir. 1988).  Further,

23 the Fourth Amendment has been held to apply to the invasion of bodily privacy.  *Id.* at

24 332.  Thus, strip searches that are excessive, vindictive, harassing, or unrelated to any

25 legitimate penological interest may violate the Fourth Amendment.  *Id.*  Nevertheless, a

26 policy of routinely strip searching arrestees for contraband has been held not to be

27 unreasonable where there is no physical contact and the searches are professionally

28

conducted in relative privacy.  *Bull v. City and County of San Francisco*, 595 F.3d 964, 973 (9th Cir. 2010).

Plaintiff fails to allege any specific facts about strip searches at the Fourth Avenue Jail, such as when he was strip searched, by whom, where, or any facts to support that the search or searches were excessive, vindictive, harassing, or unrelated to a legitimate penological interest.  Plaintiff does not allege facts to support that there was any physical contact or that the search was unprofessionally conducted or not conducted in relative privacy.  In short, Plaintiff fails to allege sufficient facts to state a Fourth Amendment claim, and Count I will be dismissed.

### C.   Thirteenth Amendment

Plaintiff designates Count II as a Thirteenth Amendment involuntary servitude claim and alleges that "illegal strip searching constantly deprives of rights by forcing oneself to be treated as a slave[.]"  "The Thirteenth Amendment declares that '[n]either slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.'"  *United States v. Kozminski*, 487 U.S. 931, 942 (1988) (quoting Amendment XIII).  "[T]he term 'involuntary servitude' necessarily means a condition of servitude in which the victim is forced to work for the defendant by the use or threat of physical restraint or physical injury, or by the use or threat of coercion through law or the legal process."  *Id.* at 943.  "By its terms [the Thirteenth] Amendment excludes involuntary servitude imposed as legal punishment for a crime."  *Id.* at 943.

Plaintiff does not allege facts that can be construed to allege a violation of the Thirteenth Amendment.  Accordingly, Count II will be dismissed.

### D.   Fourteenth Amendment

Plaintiff designates Count III as a Fourteenth Amendment equal protection claim. Generally, "[t]o state a claim . . . for a violation of the Equal Protection Clause . . . [,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Barren v. Harrington*,

1   152 F.3d 1193, 1194 (9th Cir. 1998).  Plaintiff has not alleged he is a member of a
2   protected class.

3          The United States Supreme Court has also recognized "successful equal protection
4   claims brought by a 'class of one,' where the plaintiff alleges that [he] has been
5   intentionally treated differently from others similarly situated and that there is no rational
6   basis for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562,
7   564 (2000); *see also SeaRiver Maritime Financial Holdings, Inc. v. Mineta*, 309 F.3d
8   662, 679 (9th Cir. 2002).  Even under this standard, Plaintiff has failed to state a claim.
9   Plaintiff has failed to allege that he was treated differently than other similarly situated
10  individuals and that there was no rational basis for treating him differently.  Accordingly,
11  Count III will be dismissed.

12  **V.     Leave to Amend**

13         For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to
14  state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a
15  first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will
16  mail Plaintiff a court-approved form to use for filing a first amended complaint.   If
17  Plaintiff fails to use the court-approved form, the Court may strike the amended
18  complaint and dismiss this action without further notice to Plaintiff.

19         If Plaintiff files an amended complaint, Plaintiff must write short, plain statements
20  telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name
21  of the Defendant who violated the right; (3) exactly what that Defendant did or failed to
22  do; (4) how the action or inaction of that Defendant is connected to the violation of
23  Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of
24  that Defendant's conduct.  *See Rizzo*, 423 U.S. at 371-72, 377.

25         Plaintiff must repeat this process for each person he names as a Defendant.  If
26  Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific
27  injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for
28  failure to state a claim.  **Conclusory allegations that a Defendant or group of**

**Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI.    Warnings**

**A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  *See* LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.     Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E.     Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)     If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

1    (5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a

2    civil rights complaint by a prisoner.

3    Dated this 30th day of December, 2013.

4

5

6

7    _____

8    David G. Campbell
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence.**  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  The Form.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper. You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  Your Signature.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing and Administrative Fees.  The total fees for this action are $400.00 ($350.00 filing fee plus $50.00 administrative fee).  If you are unable to immediately pay the fees, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  Original and Judge's Copy.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  Where to File.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  See LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $400 filing and administrative fees or the application to proceed *in forma pauperis* to:**

Revised 5/1/2013                              1

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7. <u>Change of Address</u>.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. <u>Certificate of Service</u>.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  <u>See</u> Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name: _____
Address:_____
    Attorney for Defendant(s)
_____
(Signature)

9. <u>Amended Complaint</u>.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  <u>See</u> Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint. LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10. <u>Exhibits</u>.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11. <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  <u>Completing the Civil Rights Complaint Form</u>.

**HEADING:**

1.  <u>Your Name</u>.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  <u>Defendants</u>.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  <u>Location</u>.  Identify the institution and city where the alleged violation of your rights occurred.

3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided. If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____, )
(Full Name of Plaintiff)　　　　　Plaintiff,　 )
　　　　　　　　　　　　　　　　 )
　　　　　　　vs.　　　　　　　　 )　**CASE NO.** _____
　　　　　　　　　　　　　　　　 )　　　　　(To be supplied by the Clerk)
(1) _____, )
(Full Name of Defendant)　　　　　 )
(2) _____, )
　　　　　　　　　　　　　　　　 )　**CIVIL RIGHTS COMPLAINT**
(3) _____, )　　　　**BY A PRISONER**
　　　　　　　　　　　　　　　　 )
(4) _____, )　☐ Original Complaint
　　　　　　　　　Defendant(s).　　 )　☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.　)　☐ Second Amended Complaint

## A.  JURISDICTION

1.　This Court has jurisdiction over this action pursuant to:
　　　☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
　　　☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
　　　☐ Other: _____.

2.　Institution/city where violation occurred: _____.

**550/555**

## B.  DEFENDANTS

1.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
                     (Position and Title)                              (Institution)

2.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
                     (Position and Title)                              (Institution)

3.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
                     (Position and Title)                              (Institution)

4.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
                     (Position and Title)                              (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2.  If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.  Parties: _____ v. _____
        2.  Court and case number: _____.
        3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

2

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities           ☐ Mail              ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property          ☐ Exercise of religion       ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your
institution?                                                              ☐ Yes   ☐ No
b.    Did you submit a request for administrative relief on Count I?        ☐ Yes   ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?  ☐ Yes   ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
did not. _____
_____.

3

**COUNT II**

1.  State the constitutional or other federal civil right that was violated: _____
    _____.

2.  **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities            ☐ Mail                ☐ Access to the court       ☐ Medical care
    ☐ Disciplinary proceedings     ☐ Property            ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer ☐ Threat to safety ☐ Other: _____.

3.  **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

    _____
    _____
    _____.

5.  **Administrative Remedies.**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at your
        institution?                                                                ☐ Yes   ☐ No
    b.  Did you submit a request for administrative relief on Count II?              ☐ Yes   ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?     ☐ Yes   ☐ No
    d.  If you did not submit or appeal a request for administrative relief at any level, briefly explain why you
        did not. _____
        _____.

4

## COUNT III

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.    **Administrative Remedies.**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                                      ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count III?                    ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?          ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____         _____
                                    DATE                                      SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.